IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANNON MCMASTER,<br><br>    Plaintiff,<br><br>    v.<br><br>HEADING HEALTH INC., SIMON TANKEL, and the DIRECTORS OF THE BOARD OF HEADING HEALTH, INC.<br><br>    Defendants. | Case No.: 2:24-cv-01321-MJH |

## MOTION FOR DEFAULT

Plaintiff, Shannon McMaster ("McMaster"), by and through her counsel, Houston Harbaugh, P.C., hereby files this Motion for Default as to Heading Health, Inc. ("Heading Health"), Simon Tankel, ("Tankel"), and the Directors of the Board of Heading Health, Inc. ("Directors"), jointly ("Defendants") pursuant to Federal Rule of Civil Procedure 55(a).

On September 18, 2024, McMaster brought this lawsuit against Defendants protesting her March 21, 2023 employment termination via claims under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, 42 Pa. S. § 951 *et seq.* ("PHRA"), alleging retaliation (in response to Plaintiff addressing two complaints of sexual harassment against the individual Defendant CEO), sex discrimination (hostile work environment), and state law tort claims.

Defendants are currently in default given their failure to respond first to a Waiver of Service and Complaint filed on September 19, 2024 and mailed that same date to Defendants'

corporate headquarters (Exh. 1), then failing to file anything in response to a Summons and Complaint personally served on November 26, 2024 through Defendants' registered agent for service, The Corporation Trust Company, (Proof of Service, ECF 4 and 5), then further failing to file anything in response to an Amended Complaint filed on January 24, 2025 and personally served on January 28, 2025 through Defendants' registered agent for service, The Corporation Trust Company, (Proof of Service, ECF 11 to 13). Defendants however were clearly aware of the Complaint and Amended Complaint based on communications from both Defendant Tankel (CEO of Defendant Heading Health) and from an attorney with a reputable law firm stating he represented Defendants (at that time Defendants Heading Health and Tankel), as described below.

On the afternoon of December 17, 2024, the twenty-first and thus final day for filing with this Court a response to the original Complaint, Simon Tankel, the CEO of Defendant Heading Health, who is also an individual Defendant, left a voice-mail message for and sent an email to Plaintiff's undersigned counsel, stating that he seeks an extension of time as it has been difficult, he said, to retain counsel during the current holiday period (Exh. 2). Plaintiff's undersigned counsel responded by email that same afternoon, stating this asserted explanation of difficulty getting counsel during the holidays does not explain Defendants' failure to have responded since receiving the Waiver of Service, Summons and Complaint in early September—over two months before the Thanksgiving Holiday (Exh. 3). Mr. Tankel responded via email that he would try to retain counsel soon. (Exh. 4).

On December 30, 2024, an attorney in California, Donald Sullivan, with the law firm of Jackson Lewis, emailed Plaintiff's undersigned counsel stating his firm "has been retained to represent Defendants in [this] matter," that he would be seeking pro hac vice admission, a

colleague in his firm's Pittsburgh office would be entering an appearance, and they requested an extension of time to January 7, 2025 to respond to the Complaint (see Exh. 5). Plaintiff's undersigned counsel granted this extension and requested Mr. Sullivan have his firm's Pittsburgh office colleague send a draft extension motion for our review. That draft extension motion was never sent in response. After January 7, 2025 passed without any responsive filing for Defendants, Plaintiff's undersigned counsel left a voice-mail message on January 9, 2025 for Mr. Sullivan asking for a status update on a responsive filing in this case. Mr. Sullivan kindly telephoned the undersigned and stated that he was in contact with Mr. Tankel and was in the process of preparing and would, within a few days, be filing an Answer to the Complaint on behalf of Defendants. These January 9, 2025 discussions were confirmed by a January 9, 2025 email from Plaintiff's undersigned counsel (Exh. 6). No such Answer was filed.

On January 24, 2025 Plaintiff filed an Amended Complaint (ECF. 6), adding Defendant Directors as a party. The Amended Complaint was personally served on January 28, 2025 through their registered agent for service, The Corporation Trust Company, (Proof of Service, ECF 11 to 13). On January 28, 2025, Defendants' lawyer, Donald Sullivan kindly returned a further telephone call from Plaintiff's undersigned counsel in which Mr. Sullivan asked for another extension of time until January 31, 2025 to file an answer (specifically an answer as opposed to a motion to dismiss or otherwise). In that call Plaintiff's undersigned counsel explained that an Amended Complaint had just been filed and served such that Defendants had until February 18, 2025 (twenty-one days from the January 28, 2025 service of the Amended Complaint) to file a response. To date, no filing of any kind by Defendants has occurred. Accordingly, given the repeated failure to respond to the Complaint and the Amended Complaint, despite the above described repeated assurances of a filing by Defendants soon

occurring, Plaintiff hereby moves for a default.

This Court has personal jurisdiction over Defendants arising under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331. Supplemental/pendent jurisdiction exists under 28 U.S.C. § 1391(b). Heading Health, at all times was a business incorporated in Delaware, located in Texas, providing mental health care in-person and virtually/remotely employing individuals in Texas and in various other states, such as Plaintiff Shannon McMaster who worked remotely from Fayette County, Pennsylvania. Defendant Tankel was, at all times relevant, the Chief Executive Officer ("CEO") of Heading Health. Further, Defendant Heading Health, at all relevant times, employed over fifteen employees (thereby covered under all statutes included in the Counts of the Complaint (ECF 1) and Amended Complaint (ECF 6). Additionally, Defendant Directors are/were, at all relevant times, officers of Heading Health and failed to exercise its responsibilities and fiduciary duties to prevent and/or correct unlawful conduct by Defendants Tankel and Heading Health.

Default against Defendants is due because of their failure to respond to the Complaint and Amended Complaint that was properly served upon them (first by Waiver delivered by overnight delivery confirming receipt at Defendants' corporate headquarters, (*see* Exh. 1) and then by personal service on their registered agent for service, see ECF 4, 5, and 11 to 13). The first explanation for a failure to timely file (from Defendant Tankel, CEO of Defendant Heading Health) of the holidays is not legally sufficient and it does not appear genuine given the awareness of the suit since mid-September via the Waiver, Summons, and Complaint delivered then to Defendants at their business headquarters (*see* Exh. 1). Further, the unfulfilled assurances of Defendant Tankel (CEO of Defendant Heading Health) and then attorney Sullivan's statements that a responsive pleading would be filed by January 7, 2025 and then that an Answer

was already being drafted would be filed within a few days of January 9, 2025, together with the also unanswered Amended Complaint demonstrate a course of conduct of ample reasonable efforts by Plaintiff to try to avoid need of Court intervention here and leave insufficient basis to seek/accept any further representations of compliance by Defendants.

WHEREFORE, McMaster hereby requests that this Honorable Court grant her Motion for Default and enter an Order for Default against Defendants Heading Health Inc., Simon Tankel, and the Directors of the Board of Heading Health, Inc., pursuant to Fed.R.Civ.P. 55(b)(2) to schedule a hearing on damages and as any other relief deemed appropriate.

Plaintiff's undersigned counsel further declares and affirms, under penalty of perjury, that the above description of the events is accurate and truthful to the best of his knowledge, as documented in the Declaration and attached exhibits and items on the record in this case.

Date: February 27, 2025

Respectfully submitted,

*/s/ Craig M. Brooks*

Craig M. Brooks, Esq.
PA I.D. 33513
HOUSTON HARBAUGH, PC
Three Gateway Center
401 Liberty Ave., 22d Floor
Pittsburgh, PA  15222
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2025, a true and correct copy of the foregoing Motion for Default was served via electronic mail and U.S. First Class Mail upon the following:

Heading Health, Inc.
3001 Bee Caves Road
Suite 220
Austin, TX  78746
simon@headinghealth.com
*Defendant*

Simon Tankel, CEO
3001 Bee Caves Road
Suite 220
Austin, TX  78746
simon@headinghealth.com
*Defendant*

Directors of the Board of Heading Health, Inc.
3001 Bee Caves Road
Suite 220
Austin, TX  78746
simon@headinghealth.com
*Defendant*

Donald P. Sullivan, Esq.
Jackson Lewis P.C.
50 California Street, 9th Floor
San Francisco, CA 94111
Donald.Sullivan@jacksonlewis.com

*/s/ Craig M. Brooks*
Craig M. Brooks